J-S31005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DORIAN MILLER | : | |
| | : | |
| Appellant | : | No. 835 EDA 2017 |

Appeal from the PCRA Order February 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002744-2013

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.: **FILED JULY 26, 2018**

Appellant, Dorian Miller, appeals from the order entered on February 3, 2017, that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

In its August 9, 2017 opinion, the PCRA court set forth the facts and procedural background of this case as follows:

> On August 11, 2014, [Appellant] pleaded guilty to two violations of the Uniform Firearms Act, 18 Pa.C.S. §§ 6105 and 6106. N.T. 8/11/14, 6-8. The court accepted [Appellant's] plea and deferred sentencing for purposes of a presentence investigation. On October 16, 2014, the court sentenced [Appellant] to an aggregate term of five and one-half to eleven years of incarceration, followed by three years of probation. [Appellant] did not file a post-sentence motion or a notice of direct appeal. On April 7, 2015, [Appellant] filed a *pro se* petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq*[.] Appointed counsel filed an amended petition on March 15, 2016, alleging that plea counsel was ineffective for failing to file a "Motion for Reconsideration of Sentence and/or an appeal" at his request. *See* Amended PCRA Petition, ¶ 4.

This court held an evidentiary hearing on December 22, 2016. At the hearing, [Appellant] testified that at the conclusion of the sentencing hearing, he asked his attorney to file a motion for reconsideration of sentence, explaining, "I feel that I could have gotten lesser time than I got[.]" N.T. 12/22/16, 6-7. He testified that his attorney did not say anything in response and that he never followed up with her or her office. *Id*[.] at 7, 14. [Appellant] testified that he thinks he wrote to his attorney once concerning the motion for reconsideration, but acknowledged that if he had written to her, it would have been after he filed his PCRA petition (*i*[.]*e.*, approximately six months after he was sentenced). *Id*. at 13. [Appellant] did not testify that he had ever requested that his attorney file a notice of appeal on his behalf.

[Appellant's] plea counsel, Micah Shender, Esquire, also testified at the hearing. Ms. Shender, who has been practicing law since 2010, is an attorney with the Defender Association of Philadelphia. *Id*[.] at 16-17. Although Ms. Shender has handled hundreds of guilty pleas during her years in practice, she had a detailed recollection of [Appellant's] case and her conversations with [Appellant] concerning the plea. *Id*. at 18-19. She recalled discussing with him the limited appellate rights he would have if he entered the plea. *Id*. at 20. Ms. Shender also specifically remembered the sentencing hearing. *Id*[.] at 18-19. At the conclusion of the hearing, she advised [Appellant] of the following:

> Mr[.] Miller, the Honorable Judge Woelpper has considered all of the arguments at sentencing. She has sentenced you to a total of five and a half to 11 years of incarceration, followed by three years of probation. You'll receive credit for all of the time that you sat in prison.
>
> You have ten days to file a motion for reconsideration if you think there was something she didn't take into account. You have thirty days to file an appeal to the higher court based on the limited grounds that we discussed when you entered your plea. If you wish to exercise either of those rights, they have to be done through written motions. So please contact my office and we'll file it on your behalf. They won't be filed automatically.

N.T. 10/16/14, 26-27.

Ms. Shender testified that [Appellant] did not ask her to file a motion for reconsideration of sentence, nor did he ask to discuss any other matter with her. *Id*[.] at 20. In fact, on October 16, 2014 (the day of sentencing), Ms. Shender wrote "no" on the portion of [Appellant's] file where she indicates whether a client has asked for an appeal. *Id*[.] at 22. Although Ms. Shender acknowledged having received correspondence from [Appellant] while he was in custody, she did not receive anything from him following his sentencing and specifically nothing asking her to file an appeal or motion for reconsideration. *Id*. at 23. The next time Ms. Shender heard from [Appellant] was when he filed a PCRA petition alleging that her representation was ineffective. *Id*. at 21. Upon learning of his claim, Ms. Shender reviewed every voicemail she had received in the thirty days following [Appellant's] sentencing. There was no message from [Appellant]. *Id*[.]

This court found counsel's testimony that [Appellant] never asked her to file a motion for reconsideration or notice of appeal credible and denied [Appellant's] PCRA petition. . . .

Trial Court Opinion, 8/9/17, at 1-3.

The PCRA court denied Appellant's petition on February 3, 2017. Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925. On appeal, Appellant raises the following issue for this Court's determination:

Did the Honorable PCRA [c]ourt err when it determined that [Appellant] had not asked his trial counsel to take an appeal?

Appellant's Brief at 3.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well settled, as set forth as follows:

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported

- 3 -

by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Hanible**, 612 Pa. 183, 204, 30 A.3d 426, 438 (2011) (citing **Commonwealth v. Colavita**, 606 Pa. 1, 21, 993 A.2d 874, 886 (2010)). We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. **Id**. . . . "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Roney**, 622 Pa. 1, 16, 79 A.3d 595, 603 (2013).

**Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). Failure to establish any one of these prongs will defeat an ineffectiveness claim. **Mason**, 130 A.3d at 618.

Additionally, our Supreme Court has held that where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases and denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, thus constituting prejudice and *per se* ineffectiveness for PCRA purposes. **Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999). In such circumstance, a defendant is automatically entitled to reinstatement of his appellate rights. **Id**.

- 4 -

However, where a defendant has not clearly conveyed his wishes to counsel,

> counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Commonwealth v. Touw*, 781 A.2d 1250, 1254 (Pa. Super. 2001) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). To obtain relief, Appellant must also show prejudice, which in these circumstances requires a showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

In the present case, Attorney Shender unambiguously informed Appellant on the record that he would need to contact her if he wanted to appeal. N.T. 10/16/14, 27. At the PCRA hearing, Attorney Shender testified that Appellant never asked her to file a motion for reconsideration of sentence, nor did he ask to discuss any other matter with her. N.T., 12/22/16, at 20. Attorney Shender testified that she specifically noted on Appellant's file that he did not want to file any motion or appeal. *Id.* at 22. As stated above,

Attorney Shender received some communications from Appellant,[1] but nothing in those letters informed counsel that Appellant wanted to pursue an appeal. *Id.* at 23.

We find that the record amply supports the PCRA court's conclusion that Attorney Shender informed Appellant of his limited appeal rights following his guilty plea, and she instructed him to inform her if he wanted to file an appeal. However, despite counsel's instruction, Appellant did not ask Attorney Shender to pursue an appeal, and following a hearing, the PCRA court found Attorney Shender's testimony credible. Order and Findings of Fact, 2/3/17; PCRA Court Opinion, 8/9/17, at 4. After review, we conclude that the PCRA court's decision is supported by the record, and it is free from legal error. *Mason*, 130 A.3d at 617. Accordingly, Appellant is entitled to no relief, and we affirm the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/18

---

[1] Attorney Shender testified that Appellant's file contained letters Appellant wrote while in custody and a motion Appellant filed pursuant to Pa.R.Crim.P. 600 prior to the entry of his guilty plea, but she had no correspondence following the imposition of sentence. N.T., 12/22/16, at 23.